# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| Angelle et al | Case No. 6:18-cv-00272 |
| Versus | Judge Michael J. Juneau |
| Town of Duson et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court on assignment by the district judge is a Motion To Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted Regarding Plaintiffs' Second Amended Complaint filed by Defendants, Town of Duson ("Duson"); Chief Kip Anthony Judice ("Chief Judice"), Individually; Officer Timothy Clyde Cannon, Individually; Officer Calvin Joseph Francis, Jr., Individually; and Officer Brian Thomas Poirot, Individually (collectively known as the "Duson Defendants") [Rec. Doc. 56], Plaintiffs, Lionello Paul Angelle and Carla Anne Siner's, Memorandum in Opposition [Rec. Doc. 60] and the Duson Defendants' Reply [Rec. Doc. 63]. For the reasons that follow, the Court recommends that the Motion filed by the Duson Defendants be denied.

Also before the Court is a Motion To Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted Regarding Plaintiffs' Second Amended Complaint filed by Defendant, Thomas Blake Soileau a Deputy with the Lafayette

Parish Sheriff's Office, Individually ("Deputy Soileau") [Rec. Doc. 64], and Plaintiffs' Memorandum in Opposition [Rec. Doc. 70].[1] For the reasons that follow, the Court recommends that the Motion filed by Defendant Soileau be granted in part and denied in part.

## I.    BACKGROUND

This case arises out of the May 9, 2017 arrest of Plaintiffs and the subsequent search of their property by the Duson Police Department and the Lafayette Parish Sheriff's Office. Plaintiffs were originally arrested by officers of the Duson Police Department on a charge of armed robbery of Roady's Lucky Deuces Casino ("the Casino") in Duson, Louisiana. After viewing the Casino's security camera video of the armed robbery, Officer Cannon prepared affidavits and search warrants for the search of Angelle's automobile and Siner's residence which were signed by Commissioner Frederick to allow for a search of items believed to be owned, used and/or obtained in the armed robbery. Plaintiffs alleged that both search warrants were executed by officers of the Duson Police Department and "deputies of the Lafayette Parish Sheriff's Office" including Detective Soileau. *R. 54, ¶ 8*. Plaintiffs further alleged that the search warrant and affidavit "were shown to Detective Soileau before the search of the residence." *Id. at ¶ 9*. Upon conducting the search,

---

[1]  As the two motions are separate but related as to the factual allegations surrounding them and the applicable law and jurisprudence, the Court will consider both motions filed by the different defendants.

instead of finding items related to the armed robbery the officers located illegal drugs, a handgun, and a counterfeit $100 bill. In light of the items found during the search of the vehicle and residence pursuant to the search warrants, on May 9, 2017, Plaintiffs were arrested a second time on drug and weapons charges.

Shortly after Plaintiffs' second arrest, another casino in St. Landry Parish was robbed on May 10, 2017 under very similar circumstances. Leads developed quickly and the robbers for the St. Landry Parish robbery were identified. The armed robbery charges against Plaintiffs were dismissed on May 11, 2017. *R. 1-5.*

In October 2017, a hearing and probable cause determination was conducted on Plaintiffs' motion to suppress related to the search of their vehicle and residence. The probable cause determination was held first, and Louisiana State District Judge Jules Edwards determined that there was probable cause for plaintiffs' arrests. In the hearing on the motion to suppress, upon viewing the video used by the defendant officers in applying for the warrants, Judge Edwards reached a different conclusion than the officers, ruling that he did not perceive similarities in the gait of the female suspect walking on the date of the robbery, and that the male suspect did not have the distinct potbelly as that of Mr. Angelle. *R. 31-3, October 18, 2017 hearing transcript.* Because Judge Edwards did not view the various characteristics described in the search warrants as described by Officer Cannon, he ruled to suppress the evidence, finding that the search warrants were flawed. Since the drugs, gun and

3

counterfeit $100 bill were the only physical evidence against Plaintiffs, the District Attorney's office dismissed the charges against them.

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit on March 5, 2018, asserting claims under 42 U.S.C. § 1983 and Louisiana state law against the Defendants for their arrest and subsequent prosecution. *R. 1.* Plaintiffs asserted a claim for Plaintiffs' "racially motivated" arrests under the Fifth and Fourteenth Amendments, *Id.*, a claim for "unreasonable search and seizure" under the Fourth and Fourteenth Amendments and various state law claims. On May 9, 2018, Plaintiffs amended their complaint in response to Defendants' first Motion to Dismiss, *R. 18*, adding a claim for excessive force as to Plaintiff Siner, a malicious prosecution claim in violation of the Fourth and Fourteenth Amendments and a *Monell* claim against Duson and Chief Judice. *R. 26.*

On August 7, 2018, this Court issued a Report and Recommendation, *R.40*, regarding the Duson Defendants' first motion to dismiss for failure to state a claim. *R. 31*. In the Report and Recommendation the Court recommended that Plaintiffs' *Monell* claim for failure to train, Fourteenth Amendment claims for excessive force, malicious prosecution, and right to investigation, and § 1983 "freestanding" malicious prosecution claim be dismissed. The Court also recommended that Plaintiffs' be required to amend their Complaint as to the constitutional violations under § 1983 and state law. Plaintiffs filed a motion for leave to file a second

4

amended petition which this Court dismissed without prejudice until the district judge issued a ruling on the pending Report and Recommendation. On September 26, 2018, a Judgment was issued adopting the Report and Recommendation. *R. 51*. On October 10, 2018, Plaintiffs filed a motion for leave to file their second amended complaint. *R. 52*. Thereafter, Plaintiffs filed the instant motion to dismiss.

In their motion, the Duson Defendants initially complain that, despite Plaintiffs' representations that they had removed their claims of excessive force for physical injuries stemming from their arrest, those claims remain in their Second Amended Complaint. *R. 56.* They further complain that Plaintiffs' amended complaint fails to state a claim for malicious prosecution, for "failure to investigate, an Eighth Amendment claim, and fails to provide specific facts regarding qualified immunity for each named defendant. *Id.* Soileau's motion contains similar assertions as to Plaintiffs' Second Amended Complaint. *R. 64.*

In their opposition to the Duson Defendants' motion, Plaintiffs represent that they no longer assert any of the claims listed by Defendants *with the exception of* their claim that the second arrests violated their Fourth Amendment rights and their malicious prosecution claim founded on Fourth Amendment grounds. *R. 60.* The Court will address these remaining claims in both motions under consideration as well as the defense of qualified immunity as to Officer Cannon asserted by the Duson Defendants and as to Deputy Soileau.

5

### III.    LEGAL STANDARD RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. U.S*., 281 F.3d 158, 161 (5th Cir. 2001). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Collins* at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555. and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint ... does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff fails to allege facts sufficient to "nudge[ ] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009).

## IV.    SUBSTANTIVE LAW FOR SECTION 1983 CLAIMS

United States Code Title 42, Section 1983, creates a cause of action for an individual whose constitutional rights are violated by a person acting under the color of state or federal law. The purpose of § 1983 is to deter "state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." W*yatt v. Cole,* 504 U.S.

158, 161 (1992). State actors may defend themselves by claiming they have qualified immunity for their actions, as long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

There is a heightened pleading standard for cases brought under § 1983. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). In discharging this burden the plaintiff must satisfy a two-prong test. *Id.* The plaintiff must allege that defendants committed a constitutional violation under current law, and that defendant's actions were objectively unreasonable "in light of the law that was clearly established at the time of the actions complained of." *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). For the law to be clearly established at the time of the action, "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Kinney v. Weaver*, 367 F.3d 337, 349–50 (5th Cir. 2004) (en banc) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

## V.    ANALYSIS

### A. Plaintiffs' Claims that the Search Warrant Affidavits were Invalid

#### 1. The Duson Defendants' Motion To Dismiss

Plaintiffs argue that both warrant applications prepared by Officer Cannon contained false statements and omitted information that undermined the validity of the warrants. The Fifth Circuit has held that "the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). Plaintiffs challenge the veracity of statements contained in the search-warrant affidavit in the context of a § 1983 claim in violation of the Fourth Amendment. The Fourth Amendment requires that the affiant bring forth a truthful-and-factual showing sufficient to comprise probable cause. *Franks*, 438 U.S. at 165-66.

The Fourth Amendment guarantees the right of all people to be free from unreasonable searches. *Trent v. Wade*, 776 F.3d 368, 377 (5th Cir. 2015). A police search and seizure inside the home without a warrant is presumptively unreasonable. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). However, a valid search warrant, issued by a neutral magistrate, establishes probable cause for a search. *See Michigan v. Summers*, 452 U.S. 692, 703-04 (1981). To obtain such a warrant, a police officer must submit an affidavit containing sufficient facts which provide the independent magistrate with a basis for determining if probable cause exists. *See*

9

*Illinois v. Gates*, 462 U.S. 213, 219 (1983); *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006). When an officer knowingly and intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application he may have violated the accuseds' Fourth Amendment rights. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

In the answer to Plaintiffs' Second Amended Complaint, Officer Cannon invoked the defense of qualified immunity. Plaintiffs carry the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). "In order to constitute a constitutional violation sufficient to overcome the qualified immunity of an arresting officer, the material misstatements and omissions in the warrant affidavit must be of 'such character that no reasonable official would have submitted it to a magistrate.'" *Morin v. Caire*, 77 F.3d 116, 122 (5th Cir. 1996) (quoting *Hale v. Fish,* 899 F.2d 390, 402 (5th Cir. 1990)). Thus, for Plaintiffs to defeat a defendant's qualified immunity defense they must allege facts, which taken as true, demonstrate that Officer Cannon committed a constitutional violation, and that his actions were objectively unreasonable under the law at the time of the relevant conduct. *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

The Duson Defendants contend in their motion that Plaintiffs' allege that their second arrest was improper because it was "premised upon the same false

information" as the search warrants issued along with their first arrest for the armed robbery. *R. 56, p. 2.* Defendants argue that Plaintiffs' second arrest was constitutionally sound as a matter of law because it was based on the drugs and other contraband found during the search. Citing *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997) they contend that the constitutionality of the search is an entirely separate question from whether the second arrest was constitutionally valid. Thus, because the officers' initial suspicions that Plaintiffs were the robbers of the casino ultimately ended up being incorrect does not automatically render plaintiffs' original arrest and the application for the search warrants improper. As the Supreme Court explained in a § 1983 action such as this, where a plaintiff alleges multiple instances of police misconduct, a reviewing court may not consider the entire course of conduct at once, but rather "the objective reasonableness analysis must be conducted separately for each search or seizure that is alleged to be unconstitutional." *See Cty. Of L.A. v. Mendez*, —— U.S. ——, 137 S.Ct. 1539, 1547 (2017). Accordingly, whether or not Officer Cannon had probable cause or is entitled to qualified immunity for the search warrants he prepared must be analyzed separately from the preceding events as well as those surrounding the second arrests.

The Duson Defendants state that "Officer Cannon's arrest and search warrant applications have to be analyzed separately from the claim that their second arrest was unconstitutional or without probable cause." *R. 56-1, p. 4.* Noting the "factors"

Officer Cannon listed in the warrant applications, they further state that, "[j]ust because the officers' initial suspicions that plaintiffs were the robbers of the casino ultimately ended up being incorrect does not automatically render plaintiffs' original arrest and the application for the search warrants improper." *R. 63, p. 2.* The Duson Defendants move the Court to dismiss Plaintiffs' Fourth Amendments claims based on invalid search warrants which lead to their second arrest. In support, they cite the applications for the search warrants attached to Plaintiffs' Second Amended Complaint which they contend demonstrate additional information regarding the specifics of Plaintiffs' identities —including similarity in the suspects' clothing with that of Plaintiffs' and a female casino cashier's statement of the similarity in Siner's voice to that of the female robbery suspect. *R. 26-3, 26-4, Exhs. 3, 4.* Since the affidavits are made part of Plaintiffs' complaint, Defendants contend that the Court should undertake the legal analysis to determine the sufficiency of the search warrant affidavit rather than rely on Judge Edward's ruling that the warrants were improper. The Court agrees.

Plaintiffs allege, and Defendants do not dispute, that Officer Cannon prepared the arrest affidavits and supporting affidavits for the search of Angelle's vehicle and Siner's residence[2] and that both warrants were issued by Commissioner Thomas

---

[2]   Plaintiffs' also make various allegations that "other Duson Police Officers and Chief Judice" were part of the "process that resulted in the presentation of false and speculative information in the affidavits." *R. 54, ¶ 7.* As these allegations have not been addressed in Defendants' motion, the Court will not address them in this ruling.

Frederick of the 15th Judicial District Court. *Id. at ¶¶ 7, 8.* Plaintiffs attached the arrest and search warrant affidavits to the second amended complaint. *R. 54-1, -2, -3, -4.*[3] They allege that these warrants and affidavits "contained false and speculative information" as to the identification of Plaintiffs, and "were totally lacking in probable cause for arrest or to believe evidence of the Casino robbery could be found in the Plaintiffs' vehicle or residence." *R. 54, ¶¶ 7- 9.*

Plaintiffs specifically allege that the warrants and affidavits "falsely assert that security camera video recordings captured at the [Casino] show a similarity in gait and leg shape between Siner and the female robber." *R. 54, ¶ 9.* They further allege that the camera video clips depict no such similarity in gait or leg shape. *Id.* According to the Plaintiffs, the evidence shows that no one actually identified Plaintiffs as being the robbers, since the robbers wore masks. *Id.* The Plaintiff also assert that the affidavits do not set out any other identification of the Plaintiffs as the robbers, or independently provide probable cause to believe either of the Plaintiffs were involved in the robbery. *Id.* Rather, besides the gait, the only other similarity to the female robber contended in the affidavits was that Siner was also slender, sounded similar and was African American. *Id.* Plaintiffs further allege that Officer Cannon did not speak to any witnesses at the Casino until after their

---

[3] Even where a document attached to a motion to dismiss is incorporated into the pleadings, the district court still must "construe the plaintiffs' factual allegations in the light most favorable to the plaintiffs." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 537 (5th Cir.2003).

arrests, and therefore, Cannon had no witness statements that Siner sounded similar to the female robber. *Id. at ¶ 7.* Plaintiffs point to the fact that after the search and arrest warrants were issued, "the Duson Police Department re-examined and found the casino security camera video recordings images of another slender black female, which law enforcement now believe to be the female robber of both casinos." *Id. at ¶ 13.* They also assert that Judge Edwards' finding that the video clips failed to depict similarities in the Plaintiffs and the robbers further supports that Officer Cannon's statements were "false and speculative." Finally, the Court's review of the affidavits indicates that despite the store clerk's description of the male robber wearing "dark colored tennis shoes" and the female robber wearing "white tennis shoes bearing a dark logo," Officer Cannon based the affidavits in large part on the fact that Angelle (not Siner) was wearing white sneakers with a dark logo prior to the robbery. *R. 54-3, 54-4, p. 3,4.*

In making a determination as to whether Officer Cannon, as the affiant, "knowingly and intentionally, or with reckless disregard for the truth," included a false statement in an affidavit, it becomes clear that state of mind is a critical element of the underlying constitutional violation. While the Supreme Court has "held that the public official's state of mind [is] generally no longer relevant in deciding a claim of qualified immunity," the Fifth Circuit has explained that "motive or intent must be considered in the qualified immunity analysis where

unlawful motivation or intent is a critical element of the alleged constitutional violation. *Tompkins v. Vickers*, F.3d 603, 607 (5th Cir.1994) (discussing *Harlow* 457 U.S. 800).

The Court finds that a determination of whether Cannon acted reasonably in seeking a warrant for Plaintiffs' arrest is premature. The reasonableness of Cannon's alleged actions can only be adduced once more is known about what information was available to Cannon when he sought the warrant, and Cannon's efforts in verifying the information presented to the magistrate judge to obtain the warrant. Thus, the Court will recommend that consideration of whether Plaintiffs have met this burden be deferred until after the parties have had a chance to conduct limited discovery. *See, e.*g. 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 3573.3* (3d ed.) ("The issue of qualified immunity is often resolved on motion for summary judgment.").

### 2. Motion To Dismiss Filed by Deputy Soileau

The only specific allegation against Deputy Soileau with regard to his part in the warrant affidavit is in paragraph nine of the Second Amended Complaint. Plaintiffs' allege that Soileau was shown the search warrant and affidavit before the search of the Plaintiff's residence. *R. 54, ¶ 9*. They contend that Soileau should be held liable for any false information contained in the warrant affidavit because he "was shown" the warrant affidavit prepared by Officer Cannon before it was served

and any knowledge Officer Cannon had that it was unreasonable should be "imputed" to Soileau. *R. 70, p. 6*. Soileau opposes this contention arguing that Soileau did not prepare or execute the warrant affidavit. Nor was there anything contained in it which he knew or should have known would constitute recklessness or knowingly false behavior on the part of Officer Cannon.

Generally, an officer who does not prepare or sign the warrant affidavit may escape liability under *Franks*. *See Melton v. Phillips*, 837 F.3d 502, 506-07 (5th Cir. 2016). Plaintiffs, however, cite *Hart v. O'Brien,* 127 F.3d 424, 448-49 (5th Cir. 1997) in support of their position that *Franks'* liability may extend to government officials such as Soileau who are not the affiants.   In *Hart*, the plaintiff sued an assistant county attorney, Starnes, for Fourth Amendment violations under § 1983. *Id.* at 434. Starnes, along with a state officer, drafted an affidavit in support of a search and arrest warrant relating to Hart. *Id*. at 432. Hart alleged that Starnes inserted false statements into the affidavit, either intentionally or with reckless disregard for the truth. *Id*. Rejecting any contention that Starnes could not be liable for Fourth Amendment violations because he did not sign the affidavit, the Fifth Circuit explained that Franks "left open the possibility that a search or arrest violates the Fourth Amendment where the affiant relies in good faith on deliberate or reckless misstatements by another government official." *Id*. at 448 (citing *Franks*, 438 U.S. at 164 n.6). The court held that a "governmental official violates the Fourth

16

Amendment when he deliberately or recklessly provides false, material information for use in [the] affidavit." *Hart*, 127 F.3d at 448. Such a finding requires "allegations of deliberate falsehood or of reckless disregard for the truth, ... accompanied by an offer of proof. [The allegations] should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.... Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171.

Here, Plaintiffs do not allege that Soileau had any actual part in drafting the affidavit or in inserting or providing a false statement into the affidavit. Rather, they allege that the "videos were viewed by … officers of the Duson Police Department and Lafayette Parish Sheriff's Office." *R. 54, ¶ 7*. Plaintiffs contend that because "the Lafayette Parish Sheriff's Office was part of a team assisting the Duson Police Department in the casino robbery investigation," Officer Cannon's knowledge of a deficiency or omission in the probable cause affidavit should be imputed to Soileau so as to render any reliance on the issuance of a warrant unreasonable. In particular, they contend that "some deputies of the Lafayette Parish Sheriff's Office viewed the Casino security camera videos" and therefore knew there was no similarity in gait between Siner and the female robber. *R. 70, p. 8*.

The Court finds that Plaintiffs' have failed to raise a § 1983 claim against Soileau for knowingly and intentionally including a false statement in the warrant

application. Soileau did not swear out the affidavit used in support of the seizure warrants. Officer Cannon signed the affidavit. Plaintiffs' Complaint does not allege that Soileau provided false, material information for use in any warrant; nor are there any allegations with regard to the warrant affidavit as to Soileau of deliberate falsehood or of reckless disregard for the truth. While he may have been shown the affidavits, there is no allegation that Soileau supplied or knew of any of the factual information used by Officer Cannon in the affidavits. The Court will recommend that Plaintiffs' § 1983 claim against Soileau related to the warrant affidavit be dismissed.

## B. Plaintiffs' Fourth Amendment Malicious Prosecution Claims

### 1. The Duson Defendants' Motion To Dismiss

The Duson Defendants generally contend that Plaintiffs continue to allege a claim under § 1983 for malicious prosecution without probable cause in the Second Amended Complaint even though the Court held that "no freestanding constitutional right to be free from malicious prosecution exists."

Plaintiffs contend that their claims for malicious prosecution without probable cause are "clearly founded on Fourth Amendment grounds." *R. 60, p. 5.* In *Albright v. Oliver*, 510 U.S. 266, 270 (1994), the Supreme Court held that the plaintiff's claims based on prosecution without probable cause were best analyzed under the Fourth Amendment, as the "Framers [of the Constitution] considered the matter of

pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.* at 274; *see also Minnieweather v. Carroll*, 1995 WL 314383, at *2 (5th Cir. 1995).

Here, all of Plaintiffs' claims against Defendants relate to the search and arrests allegedly based on charges without probable cause. In light of the foregoing jurisprudence, these allegations are properly analyzed under the Fourth Amendment rather than under the heading of the Fourteenth Amendment's substantive due process. As Plaintiffs' claims for violations of search and seizure and malicious prosecution are subsumed in their Fourth Amendment claims, Defendants, motion to dismiss these claims for failure to state a viable Federal claim should be denied.

### 2. Motion To Dismiss Filed by Deputy Soileau

Deputy Soileau also contends generally that "there is no claim for malicious prosecution under Section 1983." *R. 64, p. 3-4.* For the same reasons stated in the foregoing, because Plaintiffs' claims for malicious prosecution are subsumed in their Fourth Amendment claims Soileau's motion as to the malicious prosecution claims should be denied.

### CONCLUSION

For the reasons stated in the foregoing,

**IT IS RECOMMENDED** that the Motion To Dismiss For Failure to State a Claim filed by Defendants, Town of Duson; Chief Kip Anthony Judice, Individually; Officer Timothy Clyde Cannon, Individually; Officer Calvin Joseph Francis, Jr.,

Individually; and Officer Brian Thomas Poirot, Individually [Rec. Doc. 56] be **denied.**

**IT IS FURTHER RECOMMENDED** that the Motion To Dismiss For Failure to State a Claim filed by Defendant Lafayette Parish Sheriff's Deputy Thomas Blake Soileau, Individually, [Rec. Doc. 64] be **granted** as to Plaintiffs' Fourth Amendment claims against him for invalid warrant affidavit; and **denied** as to Plaintiffs' § 1983 claims for malicious prosecution under the Fourth Amendment.

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 17th day of January, 2019 in Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**